**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PALOUSE PRAIRIE FOUNDATION; PALOUSE AUDOBON SOCIETY; FRIENDS OF THE CLEARWATER; O. LYNNE NELSON; STEVE PAULSON; CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>KEN SALAZAR, Secretary of the Interior; US DEPARTMENT OF INTERIOR; ROWAN GOULD, Director, U.S. Fish & Wildlife Service; UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants - Appellees. | No. 09-35294<br><br>D.C. No. 2:08-cv-00032-FVS<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Argued and Submitted February 3, 2010

Seattle, Washington

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Petitioners-Appellants petitioned the U.S. Fish and Wildlife Service to list the giant Palouse earthworm as an endangered or threatened species. The Service issued a negative 90-day finding that rejected the petition, concluding that there was insufficient evidence to indicate that the earthworm may be threatened. Petitioner-Appellants brought suit in the Eastern District of Washington, claiming that the Service applied the wrong standard in its 90-day finding. The district court granted summary judgment to the Service. We affirm the district court.

The district court's grant of summary judgment is reviewed de novo. *See Brewster v. Shasta County*, 275 F.3d 803, 806 (9th Cir. 2001). Judicial review of the Service's 90-day finding is governed by the Administrative Procedure Act. 5 U.S.C. §§ 701–706; *Western Watershed Projects v. Matejko*, 468 F.3d 1099, 1107 (9th Cir. 2006). The 90-day finding may be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

The Service expressly stated the correct standard in its 90-day finding. It recognized that it must issue a positive 90-day finding if the petitioner presented "that amount of information that would lead a reasonable person to believe that [listing] may be warranted." *See* 50 C.F.R. § 424.14(b)(1). Also, it noted that at

2

the preliminary stage of the 90-day finding, the Service may not conduct "additional research" nor "subject the petition to rigorous critical review" and that it must "accept the petitioners' sources and characterizations of the information, to the extent that they appear based on accepted scientific principles . . . unless [the Service has] specific information to the contrary."

The Service's analysis in its 90-day finding does not suggest that it applied a different standard than the one it stated. Its conclusion that the petition presented insufficient evidence to indicate that listing of the giant Palouse earthworm may be warranted is not arbitrary and capricious. Evidence regarding the population of the giant Palouse earthworm is limited and inconclusive. The petition failed to identify a single well-designed study determining the current or historical population and range of the earthworm. The Service reasonably concluded that the petition failed to demonstrate a threat to the giant Palouse earthworm from agricultural and residential development of the Palouse bioregion or from exotic earthworms. The Service therefore had a rationale basis for concluding that a reasonable person would not believe that the giant Palouse earthworm may be endangered or threatened based on the information presented in the petition.

**AFFIRMED.**